DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tracy Roadarmel, dba Jacob Good Downtown, appeals the decision of the Summit County Court of Common Pleas ordering arbitration and then adopting and granting judgment pursuant to the arbitration report.
 {¶ 2} Appellee, Paul James dba DMJ Wood Shop filed an amended complaint against Appellant on July 6, 2004 seeking $17,500 in money due, fees, and interest. Appellant answered and filed a counterclaim seeking damages in excess of $25,000. The trial court conducted a pretrial on October 18, 2004, to which Appellant failed to timely appear. As a result of the pre-trial and pursuant to Loc.R. 10, on October 28, 2004, Judge Murphy issued an order referring the case to arbitration and appointed arbitrators.
 {¶ 3} Appellant filed a notice to decline and oppose arbitration on December 10, 2004, followed by an emergency motion to continue arbitration filed on December 13, 2004. The trial court granted Appellant's motion for a continuance and moved the date of the arbitration to January 19, 2005.
 {¶ 4} On January 28, 2005, the Report and Award of the Arbitrators was filed. The arbitrators found on behalf of Appellee in the amount of $17,500, and $2,500 for Appellant. (One of the three arbitrators dissented and would have awarded Appellant $14,500 on its counterclaim.) On March 11, 2005, the lower court entered a final judgment against the Appellant, ordering that the Report and Award of the Arbitrators shall become the judgment of the court. Appellant now appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred in ordering an arbitration."
 {¶ 5} In its first assignment of error, Appellant maintains that it was in err for the trial court to order the underlying case into arbitration. We disagree.
 {¶ 6} Summit County Local Rule 10.02 permits a judge to submit a civil case to mandatory arbitration. The trial court conducted a pre-trial hearing, in which Appellant failed to timely appear. At that hearing, the trial court determined that the requirements of Loc.R. 10.02 had been met and ordered the case into arbitration pursuant to the authority of Loc.R. 10.02 on October 28, 2004.
 {¶ 7} Appellant did not object to the trial court's order until four days before the scheduled arbitration, on December 10, 2004. The trial court continued the arbitration until January 19, 2005, pursuant to Appellant's request, and Appellant did not thereafter object to the arbitration.
 {¶ 8} If Appellant was unhappy with the arbitrator's award, it could have appealed that decision within thirty days pursuant to Loc.R. 10.17. "An appealed case is returned to the trial judge who ordered that the case be arbitrated, and the case is then to be tried de novo, `as if no arbitration decision had been rendered.'" Pickering v. Nationwide Mut.Fire Ins. Co. (July 12, 2000), 9th Dist. No. 19881, at 3, quoting MidwestComm. Constr. Co., Inc. v. Balun (Mar. 11, 1998), 9th Dist. No. 18507, at 5. If, under Loc.R. 10.17, a party appeals an arbitration award, it is as if no arbitration has been held. Id.
 {¶ 9} We find that Loc.R. 10.02 grants a trial judge the authority to order a civil case into arbitration. Appellant could have appealed the arbitrator's decision and then would have been afforded an opportunity to proceed with trial as if the arbitration had never occurred. Appellant did not do so. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in adopting and granting judgment pursuant to the report from a non-binding arbitrator."
 {¶ 10} In its second assignment of error, Appellant argues that the trial court erred in adopting the arbitrator's report and award as the judgment order of the court. We disagree.
 {¶ 11} Summit County Rule 10.17 provides, in relevant part:
"(A) Right of Appeal De Novo and Filing Requirements. Any party may appeal an award of the Board of Arbitration to the Common Pleas Court of Summit County, if within thirty days (30) after filing of the award with the Clerk of Courts, the party does both of the following:
(1) Files a Notice of Appeal with the Clerk of Courts and serves a copy on the adverse party * * * and the assigned Judge accompanied by an affidavit that the appeal is not being taken for delay. * * *
(2) Reimburses the Clerk of Courts for all fees paid to the arbitrators in the case [.]"
 {¶ 12} The Report and Award of the Arbitrators was filed on January 28, 2005. Appellant did not, as Loc.R. 10.17 requires, appeal the arbitration award within thirty days of its having been filed. The trial court waited over forty days from the time the arbitrators' report was filed before entering its final judgment. Appellant did not file a notice of appeal in the Summit County Court of Common Pleas. The first time that Appellant appealed the arbitrator's award was when it filed the instant appeal, two and one-half months after the arbitrator's award was filed in the lower court.
 {¶ 13} Appellant is not entitled to an appeal of the arbitrators' award. See Wayman v. Keller (Aug. 26, 1998), 9th Dist. No. 97CA0076, at 2. "Where no appeal is taken within the time and manner specified in the local rules, the common pleas court must enter a judgment in accordance with the arbitration report and award. Sup.R. 15(A)(2)(c)[.]" Palmenterav. Marino (Dec. 3, 1997), 9th Dist. No. 18359, at 3. Accordingly, we find that the trial court did not err in adopting the Report and Award of the Arbitrators, and we overrule Appellant's second assignment of error.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Whitmore, J. Concur